CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
DEC 12 2005
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MELVIN BRITT, # 322244,<br>Plaintiff, | Civil Action No. 7:05-CV-00475 |
| v. | **MEMORANDUM OPINION** |
| MRS. HENRY, et al.,<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Malvin Britt, # 322244, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Britt alleges that the defendants intentionally delayed in processing his legal mail thereby causing him to miss the statutorily imposed deadline for filing a state habeas corpus petition. As relief, Britt seeks monetary damages.

Defendants filed a motion for summary judgment. The court notified plaintiff of defendants' motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised plaintiff that his failure to reply to the defendants' motions may result in dismissal and/or summary judgment being granted for the defendants. Plaintiff has now filed a response to defendants' motion, thus, the matter is ripe for disposition.

After reviewing plaintiff's complaint, I find that the there is no question of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, I will grant defendants' motion for summary judgment.

### I.

In his complaint, Britt alleges that on May 5, 2005, he deposited a letter in the institutional mail system addressed to the Clerk of the Circuit Court of Norfolk. The letter was received by the Mail Room Clerk, Mrs. Henry, on May 6, 2005, but was inadvertently forwarded

along with Britt's personal property requests to the Personal Property Officer, Sgt. Hamblin. Once the legal mail was discovered, Sgt. Hamblin returned the mail to the mail room and it was mailed on May 10, 2005.

Britt claims that Mrs. Henry intentionally misdirected his mail in retaliation for Britt having named her in another civil action. However, Britt admits that the letter was not related to any pending case, but was merely a general request for information regarding the filing of a state habeas corpus petition. Yet, Britt claims the four day institutional delay caused a delay in the court's response to his letter, therefore resulting in him missing the one year statutory deadline for filing a state habeas corpus petition.

Britt does not contest the fact that he had until May 18, 2005, to file a timely state habeas corpus petition. See Virginia Code § 8.01-654(A)(2). Nor does he contest the fact that his state habeas petition was filed no earlier than May 24, 2005, the date in which it was subscribed, and was thus untimely by at least six days. Additionally, Britt does not allege that defendants in any way interfered with the filing of this petition.

## II.

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir. 1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material

2

fact." Anderson v. Liberty Lobby, Inc., 47 U.S. 242 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the adverse party's pleadings. Instead, the adverse party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. Fed. R. Civ. P. 56(e). If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the adverse party.

To succeed on a claim that he has been denied access to the courts under the First Amendment, an inmate must produce evidence of actual injury or specific harm to some litigation involving a challenge to the conditions of his confinement or the fact of his confinement. Lewis v. Casey, 518 U.S. 343 (1996); Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993). Although Britt claims that the four day delay in processing his May 5, 2005, letter resulted in him missing the one year statutory deadline for filing a state habeas petition, Britt admits that the May 5, 2005 letter did not contain his state habeas petition. Further Britt acknowledges that the letter was not related to any pending matter in the court and merely was a general request for information pertaining to filing a state habeas petition. Additionally, Britt does not allege that defendants have in any way impeded or prevented his attempts to file his actual state petition. Accordingly, as Britt's claim that he was denied access to the court centers solely on a delay regarding general correspondence which was not related to any pending litigation, I find that Britt cannot show any specific harm or injury as a result of the delay.[1]

---

[1] Furthermore, the court notes that Britt's state habeas petition was untimely by at least six days. Even if the four day institutional delay in processing his general request for information caused a four day delay in the court's response to his general request, and this resulted in a four day delay in Britt's submission of

3

## III.

Based on the foregoing, I find that plaintiff has failed to show any issue of material fact and that the defendants are entitled to judgment as a matter of law as to all claims raised in the complaint and will hereby grant their motion for summary judgment in this matter.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 12th day of December, 2005.

_____
Senior United States District Judge

---

his state petition for mailing, Britt fails to account for the additional two day delay. Therefore even assuming defendants delayed in processing Britt's general request for information and Britt needed the court's response before filing his state habeas petition, Britt has not presented any evidence which establishes that this delay directly resulted in his submission of an untimely state habeas petition.

4